Weygandt, C. J.
 

 It is conceded by counsel that there must be an affirmance of this judgment if the piano company was served with the garnishment order while it was still indebted to Foley.
 

 On the morning of September 10, 1930, at 9 or 9:30 o’clock, the deputy sheriff went to the office of the piano company for the purpose of serving the order and was told by a clerk to return at 1 o’clock when the manager would be there. According to the testimony of the deputy he again went to the store at 1 o’clock and served the order on the manager. The return was introduced and shows the same hour, although the manager testified that the time was 1:30.
 

 In support of its statement of defense the piano company admitted that it had been indebted to Foley in the sum of $450, but claimed that it gave him a cheek for this amount just before the service of the court order. The evidence as to the exact moment of payment is in conflict. One witness fixed the hour at
 
 *226
 
 12:45 p. m., and another said it was “immediately before” 1:30 p. m.
 

 Under this conflicting evidence the trial court, as the sole judge of the credibility of the witnesses, could have found that the service of the court order preceded delivery of the check, and in such event no question of law was involved, since counsel are in agreement as to the effectiveness of such an order. Inasmuch as the piano company made no request for a separate finding of fact and conclusion of law the judgment of the trial court was in general terms without any assignment of reasons and without any discussion of legal principles. This of course leaves a reviewing court with no means for ascertaining whether the decision turned upon an issue of fact or upon a question of law. Under Section 12253, General Code, and the uniform practice, this court is not “required to determine as to the weight of the • evidence” and decide whether delivery of the check was made before or after service of the order. In such a situation the judgment of the trial court will be permitted to stand.
 

 It becomes unnecessary to discuss the questions of law urged by the piano company inasmuch as they are predicated upon the unwarranted assumption of a finding of fact that delivery of the check preceded service of the court order.
 

 Judgment affirmed.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.